IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LaGARRIS MONTGOMERY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>SUBWAY RESTAURANTS, INC.<br><br>                    Defendant. | Civil Action No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff LaGarris Montgomery, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Subway Restaurants, Inc. ("Subway" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself, and all other similarly situated persons who purchased any of Subway's Steak and Cheese Sandwiches[1] ("The Product").

2. This action is brought to remedy various violations of law in connection with Defendant's marketing, advertising, and selling of The Product.

3. Specifically, Subway uses photographs in its advertisements that make it appear that the Steak & Cheese sandwich contains at least 200% more meat than the actual sandwiches that customers receive.

---

[1] https://www.subway.com/en-AE/MenuNutrition/Menu/Product?ProductId=5759&MenuCategoryId=504

1

4. Numerous other customers have complained on social media that Subway's advertisements for the Steak & Cheese sandwich are grossly misleading.

5. Below is just one of the many online complaints regarding Subway's Steak & Cheese Sandwich. [2]



6. Interestingly, the first result when Googling "Subway Steak and Cheese" brings a consumer to Subway's webpage with the following image and description:

---

[2] https://www.reddit.com/media?url=https%3A%2F%2Fpreview.redd.it%2Fat-a-local-subway-today-v0-62kxpy3hf9wc1.jpg%3Fwidth%3D998%26format%3Dpjpg%26auto%3Dwebp%26s%3D010026b4cc71b6a5ff059a973ccb4347a4934487



7.      As shown above, Subway explicitly states in one advertisement, "A Steak & Cheese sandwich with *lots of steak* smothered in melted cheese. (Emphasis added).[3]

8.      Subway's advertisements for the Product are unfair and financially damaging to consumers as they are receiving a product that is materially lower in value than what is being represented.

---

[3] https://www.subway.com/en-AE/MenuNutrition/Menu/Product?ProductId=5759&MenuCategoryId=504

9. Subway's promise to consumers of a large portion of food with their purchase is also causing consumers to come to, or order from, Subway restaurants and make purchases that they would not have otherwise made.

10. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws, rights, and benefits of the State of Pennsylvania. Defendants are engaged in activities in Pennsylvania including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout this forum (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in Pennsylvania and in this judicial District.

13. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes their Product throughout the United States and in this District.

## PARTIES

14. Plaintiff LaGarris Montgomery is a citizen of the State of South Carolina and resides in Florence, South Carolina. Florence is located within Florence County, South Carolina.

15. Defendant Subway Restaurants, Inc., is a Delaware corporation headquartered in the State of Connecticut, with its principal place of business at 325 Sub Way, Milford, CT 06461.

16. At all times relevant hereto, Defendant Subway Restaurants manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of Pennsylvania.

## FACTUAL ALLEGATIONS

17. Plaintiff purchased a Steak & Cheese sandwich through Subway's mobile application for pickup at his local Subway in Florence, South Carolina.

18. Plaintiff viewed the advertisements for the Steak & Cheese sandwich on Subway's mobile ordering application and relied on said photographs in choosing to purchase said sandwich.

19. After he picked up and began eating his sandwich, Plaintiff realized that there was barely any steak in the sandwich and that the photographs that he relied on were grossly misleading.

20. Plaintiff expected that the Steak & Cheese sandwich that he ordered would contain a similar amount of meat as contained in the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application.

21. However, the photograph for the Steak & Cheese sandwich on Subway's mobile ordering application contained well over 200% more meat than what was in the actual sandwich that Plaintiff received. If Plaintiff knew that the Steak & Cheese sandwich contained substantially less than the amount of meat as advertised, he would not have purchased said sandwich.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **Nationwide Class:** All persons that purchased a Steak & Cheese sandwich from Subway during the period between October 28, 2021, through the date of the final disposition of this action (the "Nationwide Class").
>
> **South Carolina Subclass:** All persons from the state of South Carolina that purchased a Steak & Cheese sandwich from Subway during the period between October 28, 2021, through the date of the final disposition of this action (the "South Carolina Subclass").
>
> **Pennsylvania Subclass:** All persons from the state of Pennsylvania that purchased a Steak & Cheese sandwich from Subway during the period between October 28, 2021, through the date of the final disposition of this action (the "Pennsylvania Subclass").

23.     Together, the Nationwide Class, South Carolina Subclass and Pennsylvania Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

24.     Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

25.     The proposed class definitions in ¶ 23 as limited by ¶ 26 may be amended or modified from time to time.

26.     The particular members of the (i) Nationwide Class, (ii) South Carolina Subclass and (iii) Pennsylvania Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

27. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. The Proposed Classes are so numerous that the joinder of all members is impracticable.

29. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

30. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

31. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Product that contained the same false advertising found in all other Products.

32. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and he intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

33. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and

7

Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

34. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. Whether Defendant's advertisements are materially misleading;

b. Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

c. Whether a reasonable consumer could be misled by Defendant's advertisements;

d. Whether Defendant's advertisements violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law;

e. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

f. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

### COUNT I
**Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-2 & 201-3, et seq.**
**(On Behalf of Plaintiff and the Nationwide Class)**

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

36. Plaintiff brings this count on behalf of himself and the Classes.

37. Plaintiff, Defendant, and the Nationwide Class are "[p]erson[s]" within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 PS § 201-2, et seq.

38. The Pennsylvania UTPCPL declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce …."

39. The UTPCPL at 73 P.S. § 201-3 prohibits the following conduct: "(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another" and "(ix) Advertising goods or services with intent not to sell them as advertised."

40. Defendant engaged in, and continues to engage in, the above-reference deceptive acts and unfair trade practices in the conduct of business, trade, and commerce, including by omitting material facts regarding the actual amount meat contained within its Product. Defendant's advertisements represent to consumers that the Product contain, at a minimum, 200% more meat than contained in the actual menu item customers receive.

41. Plaintiff relied on Defendant's deceptive acts, unfair trade practices, and Omissions, which are described above. Plaintiff has suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

42. Defendant's wrongful conduct caused Plaintiff and the Classes to suffer an ascertainable loss by causing them to incur substantial expense in purchasing Defendant's Product which they reasonably believed contained the amount of meat as was advertised. Plaintiff and the Classes have suffered an ascertainable loss by receiving other than what was promised.

43. Plaintiff and the Class members would not have purchased Product at issue, or would have paid less, had they known the truth about the Product.

44. If Defendant had not sold its Product that contained falsely advertised information, Plaintiff and the Class members would not have suffered the extent of damages caused by Defendant's sales.

45. As a direct and proximate result of Defendant's business practices, Plaintiff and the Class members suffered injury in fact and lost money or property because they purchased and paid for products they otherwise would not have. Plaintiff and the Class members are entitled to injunctive relief and attorneys' fees and costs.

46. Pursuant to Pennsylvania UTPCPL § 201-4.1, Plaintiff and the Class members seek an order of this Court requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Class members full restitution of all monies wrongfully acquired by it by means of such "unlawful" and "unfair" conduct, so as to restore any and all monies to Plaintiff and the Class members which were acquired and obtained by such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendant.

47. Plaintiff and the Class members are entitled to treble actual damages of not less than $100, plus reasonable attorneys' fees and costs. See 73 P. S. § 201-9.2.

## COUNT II

### UNJUST ENRICHMENT

48. Plaintiff incorporates paragraphs 1-34 as if fully set forth herein.

49. Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the Product. Defendant knowingly and willingly accepted and enjoyed these benefits.

50. Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that the Product would comport with what

10

was advertised. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

51. Defendant's acceptance and retention of the benefits of the payments from Plaintiff and the members of the Classes under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

52. Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

53. Plaintiff and the members of the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Instituting an injunction requiring that Defendant engage in a corrective notice campaign;

E. Scheduling a trial by jury in this action;

11

F. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

G. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable. Dated: November 12, 2024                 Respectfully Submitted,

/s/ *Stuart J. Guber*
Stuart J. Guber, Esq. PA Bar No. 60772
Paul J. Doolittle, Esq. (*Pro Hac Vice forthcoming*)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: stuart.guber@poulinwilley.com
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com